UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TERRELL THOMAS,

    Plaintiff,

 -v-                 No. 14 CV 4459-LTS

ARIEL WEST, HUDSON ISLAND, LLC, and
URBAN OUTFITTERS, INC.,

    Defendants.

------------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

    Before the Court is a motion <u>in limine</u> (Docket Entry No. 160) brought by Defendants Ariel West, Hudson Island, LLC, and Urban Outfitters, Inc. ("Urban Outfitters," and collectively, "Defendants") against Plaintiff Terrell Thomas, seeking to exclude all evidence supporting Plaintiff's claim for punitive damages under the New York City Human Rights Law (the "NYCHRL"), Administrative Code of the City of New York section 8-107, and to dismiss that claim. The Court has carefully considered the submissions of all parties. For the reasons stated below, the motion is denied.

<u>BACKGROUND</u>

    Plaintiff Terrell Thomas brought this action against Defendants, asserting claims of disability discrimination under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 <u>et seq</u>., New York State Executive Law § 296, New York State Civil Rights Law § 40, and the NYCHRL, as well as a claim of common-law negligence. Plaintiff's claims concern the accessibility of certain areas and features of an Urban Outfitters store in New York, New York, to persons using wheelchairs. Following the Court's partial grant

of summary judgment in favor of Defendants, the Court entered an order to show cause as to why summary judgment should not be entered in Plaintiff's favor with respect to certain claims. See Thomas v. West, 242 F. Supp. 3d 293 (S.D.N.Y. 2018).  The Court then granted summary judgment on Plaintiff's ADA and city- and state-law claims with respect to the use of the Mezzanine and Landing in the relevant Urban Outfitters store.  Thomas v. West, No. 14 CV 4459-LTS, 2018 WL 3768525 (S.D.N.Y. Aug. 8, 2018).  The only issue remaining for trial is the determination of damages pursuant to city and state law, including punitive damages under the NYCHRL.

## Discussion

"The purpose of in limine motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence."  See TVT Records v. Island Def Jam Music Group, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003); see also Fed. R. Evid. 104 ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").  Such rulings "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted).  Generally a court should admit relevant evidence that is "of consequence in determining the action" or that tends "to make a fact more or less probable."  Fed. R. Evid. 401, 402.

Defendants move to preclude all evidence of punitive damages pursuant to the NYCHRL and to dismiss the claim and, in the alternative, to preclude evidence of Defendants' financial condition as prejudicial.

Punitive damages are available for violations of the NYCHRL where the "wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." Chauca v. Abraham, 30 N.Y.3d 325, 334 (2017). Defendants assert that Plaintiff has failed to adduce sufficient facts to support a claim for punitive damages under this standard, especially when weighed against Defendants' own evidence that their conduct was neither willful nor negligent.

Although Defendants have identified cases in which courts have dismissed claims for punitive damages upon motions in limine, such decisions have generally dismissed punitive damages claims that were barred by statute or otherwise unavailable as a matter of law, rather than on the basis of the insufficiency of a plaintiff's evidence. See Francis v. Amwest Realty Associates, LLC, No. 15-cv-9066, Docket Entry No. 61, at 2-3 (S.D.N.Y. Nov. 13, 2017) (discussing the authority cited by Defendants). "A motion in limine is not the appropriate tool to ask this Court to weigh the sufficiency of the evidence." Id. at 4 (internal quotation marks and citation omitted).

The deadline for dispositive motion practice has long passed, and Defendants' arguments as to the relative strength and sufficiency of the parties' evidence on the issue of punitive damages are misplaced in the motion in limine context. Defendants are free to raise the evidentiary sufficiency issue in a motion pursuant to Federal Rule of Civil Procedure 50(a) at the close of the Plaintiff's case at trial. Accordingly, Defendants' motion in limine to dismiss the NYCHRL punitive damages claim is denied.

Defendants' alternative, blanket request to preclude all evidence of punitive damages is improperly vague. This aspect of the motion is denied without prejudice to

challenges to particular evidentiary proffers at trial.  See National Union Fire Ins. Co. of Pittsburgh, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (reserving judgment on sweeping objections until the evidence can be evaluated in the appropriate context at trial).

Defendants also move to preclude the introduction of evidence of their financial condition at trial, arguing, pursuant to Federal Rule of Evidence 403, that the relevance of this information is substantially outweighed by its potential unfair prejudice to Defendants.  Because evidence of Defendants' financial condition is generally relevant in evaluating the deterrent value of a punitive award and because Defendants have not yet identified discrete financial information that might be unfairly prejudicial, this aspect of Defendants' motion is also denied without prejudice to renewal at trial.[1]  See  Hannah v. Wal-Mart Stores, Inc., No. 3:12-CV-01361 (VAB), 2017 WL 690179, at *5 (D. Conn. Feb. 21, 2017).

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion in limine is denied in its entirety, without prejudice to objections at trial.

---

[1]  Moreover, in the context of a bench trial, the risk of prejudicing the factfinder is dramatically lessened.  See Serby v. First Alert, Inc., No. 09-CV-4229 WFK VMS, 2015 WL 4488558, at *1 (E.D.N.Y. July 22, 2015).

The final pretrial conference in this case will be held on **April 30, 2019** at **2:30 p.m.** The parties are encouraged to renew their settlement discussions.

Docket Entry No. 160 is hereby resolved.

SO ORDERED.

Dated: New York, New York
March 14, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge